UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 13 CR 737 |
| | Judge James F. Holderman |
| JAMESON HAMLIN | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The UNITED STATES OF AMERICA, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, submits the following sentencing memorandum. For the reasons set forth below, the government respectfully requests that this Court sentence the defendant, JAMESON HAMLIN, to a sentence at the low end of the advisory Guideline range of 262 to 327 months of imprisonment.

## I.   SUMMARY OF FACTS

The defendant sold wholesale quantities of heroin and powder cocaine from at least December 2012 through May 2013. Although the exact quantity of defendant's drug distribution is unknown, he has admitted to two specific transactions in his plea agreement: the delivery of 500 grams of cocaine to Malcolm Harris on February 21, 2013, and the distribution of 100 grams of heroin to Malcolm Harris on April 18, 2013. In addition, when defendant was arrested on June 20, 2013, officers found an additional 121.5 grams of heroin hidden in his bedroom closet. In the same bedroom, officers found two handguns: a loaded Colt .45 caliber semiautomatic pistol, a Davis Industries .22 caliber pistol, and two .22 caliber rounds of ammunition.

II.    GOVERNMENT'S ADVISORY GUIDELINE CALCULATION

    A.    Offense Level

        1.    Count One

Defendant is responsible for at least 500 grams of cocaine and 221 grams of heroin. Because the offense involved multiple types of controlled substances the marijuana equivalents are used. Pursuant to Guideline § 2D1.1(a)(5) and (c)(8), defendant's base offense level is 24, because the offense involved a marijuana equivalent of approximately 321 kilograms, which is more than 100 kilograms but less than 400 kilograms.[1]

Defendant does not receive a two-level enhancement pursuant to Guideline § 2K2.4, because he was convicted of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Pursuant to Application Note 4 to Guideline § 2K2.4, the enhancement in Guideline § 2D1.1(b)(1) for possessing a firearm does not apply.

        2.    Count Five

Guideline § 2K2.4 applies. Pursuant to Guideline § 2K2.4(c), defendant's Guideline sentence is determined under Guideline § 4B1.1(c) because, as discussed below, as a result of the instant offense, defendant is a career offender under Guideline § 4B1.1. If the career offender guideline did not apply, the guideline sentence would be a consecutive sentence of 5 years' imprisonment.

---

[1] The base offense level was reduced by two in the amended Guidelines effective November 1, 2014; the plea agreement and PSR reflect the old base offense level.

2

### 3. Total Adjusted Offense Level

Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. A two-level reduction pursuant to Guideline § 3E1.1(a) is therefore appropriate.

Defendant has timely notified the government of his intention to enter a plea of guilty. Therefore, an additional one-level reduction in the offense level is appropriate pursuant to Guideline § 3E1.1(b).

Defendant's total offense level is therefore 21, plus an additional 60 month consecutive sentence on Count Five. As set forth below, however, defendant is a career offender and his offense level will be determined by Guideline § 4B1.1(c).

### B. Criminal History

As set forth in the PSR, defendant has seven criminal history points, which would ordinarily result in a criminal history category of IV. As set forth below, however, defendant is a career offender and his criminal history category is therefore VI.

### C. Career Offender

Defendant qualifies as a career offender because the instant offense is a controlled substance offense, defendant is older than 18, and defendant has two prior convictions for either a crime of violence or a controlled substance offense: manufacturing/delivering a controlled substance in case no. 96CR0824901 and aggravated discharged of a firearm in case no. 98CR1856801.

Pursuant to Guideline § 4B1.1(b), defendant's criminal history category is VI. Pursuant to Guideline § 4B1.1(b)(2), defendant's offense level for Count One is there

34. Pursuant to Guideline § 4B1.1(c)(2), the Guideline range is the greater of: (1) the range that results from adding the 60-month mandatory minimum consecutive penalty to the otherwise applicable Guideline range for Count One; and (2) the range determined under Guideline § 4B1.1(c).

### D. Advisory Guideline Range

The total adjusted offense level for Count One is therefore 31, which, when combined with criminal history category VI, results in an advisory Guideline range of 188 to 235 months' imprisonment. When the mandatory consecutive sentence of 60 months' imprisonment required by Count Five is added on, this results in a combined advisory Guideline range of 248 to 295 months' imprisonment. That range is lower than the range provided in Guideline § 4B1.1(c)(3). Thus, defendant's Guideline range is 262 to 327 months' imprisonment pursuant to Guideline § 4B1.1(c)(3).

### III. OBJECTIONS, CORRECTIONS, AND CLARIFICATIONS TO THE PRESENTENCE INVESTIGATION REPORT

Apart from the correction to the advisory guideline calculation resulting from the amended sentencing guidelines, the government has no objections to the PSR.

### IV. THIS COURT SHOULD GIVE SERIOUS CONSIDERATION TO THE CAREER OFFENDER GUIDELINE IN THIS CASE

Defendant raises several challenges to the application of the career offender guideline in this case.

As an initial matter, defendant is correct that the career offender guideline significantly increases the defendant's advisory guideline range in this case. If the career offender guideline were not applied in this case, defendant's advisory

guideline range on Count One would be determined by a total offense level of 21 and a criminal history category of IV, which is 57 to 71 months. After the mandatory consecutive 60-month sentence for Count Five was added, this would result in a total advisory guideline range of 117 to 131 months of imprisonment.[2] Applying the career offender guideline, defendant's advisory guideline range is 262 to 327 months' of imprisonment.

Defendant's criminal history, however, is serious and warrants application of enhanced penalties. He has multiple firearms convictions and a conviction for distributing crack cocaine. Defendant notes that his drug distribution conviction is for the sale of a small quantity of crack cocaine. R. 36, pp. 7-8. While the quantity is small (consistent with the individual retail quantities of crack cocaine typically involved in street-level drug trafficking in Chicago), it is significant that defendant distributed the crack cocaine rather than merely possessed it. By the time defendant was arrested in this case, he had graduated to trafficking wholesale quantities of heroin and cocaine, thereby insulating himself from the risk of being apprehended after a street-level sale like the one that resulted in his 1996

_____

[2] Defendant argues that his guidelines range would be even lower if he had not been convicted of possessing a firearm in furtherance of a drug trafficking crime and notes that some defendants in related cases were not convicted of such conduct. R. 36, p. 5. Defendant, of course, has been convicted of this serious conduct. The firearms recovered from defendant were recovered in close proximity to a distribution quantity of heroin. The firearms found in the home of defendant Brandon Elsing were in a locked container not near the controlled substances found in his home. No firearm was recovered from defendant Neftali Freytes. As such, these defendants were not situated similarly to the defendant regarding the strength of the evidence to support a charge under 18 U.S.C. § 924(c). Contrary to defendant's suggest that "every other co-defendant" has been allowed to plead guilty without a § 924(c) charge, there are several defendants who have not yet been convicted who have § 924(c) charges pending against them: Daniel Vazquez, Angel Perez, Anwer Shahbaz, and Francisco Mireles (13 CR 744).

conviction. Defendant's prior drug conviction is more significant in light of this subsequent escalation in his drug trafficking.

Moreover, even if defendant's first qualifying crime is less significant than other crimes commonly used to qualify defendants for the career offender guideline, his other qualifying conviction is significantly *more* serious than the typical offense. Defendant was convicted of aggravated discharge of a firearm. Defendant was one of a group of people who shot a victim with a firearm multiple times. PSR p. 10, ¶ 51. At the time defendant committed this crime, he was on probation for the above-described drug distribution, resulting in the revocation of his probation. PSR p. 10, ¶ 50. That defendant shot a person, while on probation for a drug crime, is certainly an aggravating circumstance that warrants an increase in his advisory sentencing guideline range, particularly where, as here, firearms were involved in the offense.

Nor would applying or giving serious consideration to the career offender guideline in this case create an unwarranted sentencing disparity. As set forth in the chart included in defendant's sentencing memos, most defendants in related cases have received sentences modestly below the low end of the guidelines. The exception is Michael Coleman, who was a career offender with a guideline range of 188 to 235 months who received a sentence of 72 months (within the non-career-offender guideline range). Coleman's offense, however, did not involve a firearm, let alone a mandatory minimum charge under 18 U.S.C. § 924(c). Nor did Coleman have a qualifying conviction as serious as defendant's conviction for aggravated

6

battery with a firearm.[3] This Court should give serious consideration to the advisory Guidelines in this case, including the career offender guideline.

## V. THE FACTORS SET FORTH IN 18 U.S.C. § 3553(A) WARRANT A SIGNIFICANT SENTENCE OF IMPRISONMENT

### A. Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

Defendant's crime is a serious one. It involves the distribution of wholesale quantities of cocaine and heroin. Not only does drug trafficking have a serious impact on those addicted to the substances distribution, drug addiction and the violence surrounding drug trafficking have a devastating impact on the broader community. Indeed, defendant possessed two firearms in the bedroom of his home, along with a significant quantity of heroin, on the day he was arrested in this case. Defendant possessed this dangerous combination of drugs and guns in the home he shared with his wife and children, putting not only the broader community but his immediate family at risk from his drug trafficking.

The history and characteristics of the defendant also warrant a significant sentence of imprisonment. Defendant has two prior gun convictions. The first is a misdemeanor unlawful use of a weapon conviction from 1993. Despite the fact that it is a misdemeanor conviction, the facts are troubling: Officers recovered two loaded handguns and spent ammunition from the defendant shortly after a report of shots fired. In 1996, defendant was convicted of distribution crack cocaine to an

---

[3] Indeed, Coleman's second qualify conviction was discovered by the probation officer after Coleman pleaded guilty; what had appeared on his criminal history as a conviction for driving under the influence turned out to be a conviction for aggravated battery to a police officer.

undercover officer. Defendant initially received probation, but that probation was revoked when defendant was convicted of aggravated discharge of a firearm for shooting a victim multiple times while on probation. Finally, in 2006, defendant was convicted of driving under the influence.

**B.    The Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, Protect the Public, and Provide Correctional Treatment**

As discussed above, defendant's crime is a serious one. While the proposed Guidelines amendment reflects a judgment that drug crimes not involving violence warrant a somewhat shorter sentence than called for under the previous Guidelines, wholesale drug trafficking remains a serious offense that warrants a significant sentence. This is particularly true when, as here, firearms are involved in the offense.

In addition, a significant sentence of imprisonment is necessary to deter defendant from committing additional crimes in the future and to protect the public during the time that defendant is incarcerated. Defendant received a six-year sentence in the Illinois Department of Corrections for his aggravated discharge conviction and the probation revocation on his previous drug offense. Defendant was not deterred, but instead eventually returned to drug trafficking, this time on a wholesale level. Despite having two firearms convictions and being prohibited from possessing a firearm because he is a felon, defendant chose to keep two firearms in his home to protect his drug stash. At minimum, a lengthy sentence of imprisonment will protect the public during the time of defendant's incarceration,

8

reflect the seriousness of the offense, provide just punishment, and serve the purpose of general deterrence by indicating that wholesale drug trafficking, particularly where it involves firearms and is committed by a recidivist defendant, warrants significant punishment.

## VI.   CONCLUSION

For the reasons set forth above, the government respectfully requests that defendant JAMESON HAMLIN be sentenced to a term of imprisonment at the low end of the advisory guideline range of 262 to 327 months of imprisonment.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:    s/Rajnath P. Laud
RAJNATH P. LAUD
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 469-6306

Dated: January 7, 2014